**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANDIP SARANJIT SINGH, | No. 10-73782 |
| Petitioner, | Agency No. A098-505-495 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Mandip Saranjit Singh, a native of the United Arab Emirates and a citizen of

India, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's denial of his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Singh's contention that his former attorney provided ineffective assistance with his motion to reopen to adjust status based on his marriage to a U.S. citizen because Singh failed to exhaust this claim before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

In his opening brief, Singh failed to raise, and therefore waived, any challenge to the BIA's denial of his motion to reopen based on ineffective assistance of counsel with respect to his asylum application. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n. 3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

To the extent Singh challenges the agency's denial of his motion to reopen to adjust status based on his marriage to a U.S. citizen, the challenge is unavailing because, as he concedes, the evidence was insufficient to establish a strong

likelihood of a bona fide marriage. *See Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003); 8 C.F.R. § 204.2(a)(1)(iii)(B).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**